DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
MARGARET W. BAUMGARTNER, State Bar #151762
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3859
Facsimile:      (415) 554-4248
E-Mail:          margaret.baumgartner@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KENNETH GREGORY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. C 09-1800 PJH<br><br>JOINT INITIAL CASE MANAGEMENT STATEMENT<br><br>Hearing Date:   Aug. 20, 2009<br>Time:                2:30 p.m.<br>Place:               Ctrm. 5, 17th Fl.<br><br>Trial Date:        None set |
|---|---|

The parties submit the following joint case management conference statement.

1. **Jurisdiction and Service**

Plaintiff has served the City and County of San Francisco, the only named defendant.

2. **Statement of Facts**

The City hired plaintiff as a Food Service Worker on December 7, 2006. Under the Memorandum of Understanding between plaintiff's union and the City, plaintiff served a six month probationary period, during which the City could release him from his position. On January 5, 2007, the City released plaintiff from his probationary position. It is the City's position that the City did so

because plaintiff committed various rule violations, including being rude to his supervisors. Plaintiff claims that he was discriminated against on the basis of his race.

### 3. Legal Issues

a. Whether Gregory can establish a *prima facie* claim of race discrimination or retaliation.

c. Whether the City can demonstrate that it had legitimate non-discriminatory reasons for the conduct Gregory challenges.

e. Whether Gregory can show that the City's articulated reasons for its actions are a pretext for discrimination.

h. Whether Gregory suffered damages as a result of the City's allegedly unlawful conduct and whether Gregory has mitigated his alleged damages.

### 4. Motions

The City anticipates bringing a motion for summary judgment or summary adjudication.

### 5. Amendment of the Pleadings

Plaintiff does not anticipate any amendment of the pleadings.

### 6. Evidence Preservation

The City has begun collecting evidence relevant to this case and has taken steps to preserve evidence by placing a litigation hold on all relevant documents including electronically-stored materials. The City has advised the relevant City departments and individuals of this litigation hold.

### 7. Disclosure

Initial disclosures are not yet due.

### 8. Discovery

The parties have not conducted any discovery to date. They anticipate the following discovery:

a. The City: Requests for production of documents and things; Special interrogatories; Requests for Admissions; and Depositions of Plaintiff Gregory.

B. Gregory: Interrogatories, Depositions

The parties do not, at this time, request any increase or decrease in the limits of such discovery other than those set forth in the Federal Rules of Civil Procedure and the Court's Local Civil Rules.

**8.   Class Action**

This case is not a class action.

**9.   Related Cases**

There are no related cases.

**10.   Relief**

Plaintiff seeks the following relief: actual and special damages according to proof; emotional distress damages; and reasonable attorneys' fees and costs of suit.

**11.   Settlement and ADR**

The parties have not yet chosen an ADR procedure. The City would agree to a settlement conference before a magistrate judge.

**12.   Consent to Magistrate Judge**

The City has declined to consent to a magistrate judge.

**13.   Other References**

None anticipated at this time.

**14.   Narrowing of Issues**

The City believes that the issue in this case is already a narrow one, and that no further narrowing of the issues is necessary.

**15.   Expedited Schedule**

This case cannot be handled on an expedited basis.

**16.   Scheduling**

The parties propose the following schedule:

| | |
|---|---|
| Deadline to amend pleadings/join parties: | September 18, 2009 |
| Discovery cutoff: | Feb. 26, 2010 |
| Dispositive motion hearing: | April 16, 2010 |
| Expert disclosures: | March 26, 2010 |
| Expert discovery cutoff: | May 14, 2010 |
| Pretrial conference: | |
| Trial: | September 6, 2010 |

### 17. Trial

Plaintiff has demanded a jury trial. The parties estimate that trial will take approximately four days exclusive of empanelling a jury.

### 18. Disclosure of Non-party Interested Entities or Persons

The City is not required to file a "Certificate of Interested Entities or Persons" as it is a public entity and not subject to Civil Local Rule 3-16.

Plaintiff has not filed a statement of interested parties to date.

Dated: August 3, 2009

        DENNIS J. HERRERA
        City Attorney
        ELIZABETH SALVESON
        Chief Labor Attorney
        MARGARET W. BAUMGARTNER
        Deputy City Attorneys

By: /s/Margaret W. Baumgartner
     MARGARET W. BAUMGARTNER

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

Dated: August 10, 2009

        *Kenneth Gregory*
        Plaintiff Kenneth Gregory

# PROOF OF SERVICE

**Re: *Gregory, Kenneth v. CCSF***
USDC No. C 09-1800

I, BLANCA MARTIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On August 11, 2009, I served the following document(s):

- **JOINT INITIAL CASE MANAGEMENT STATEMENT**

on the following persons at the locations specified:

Gregory Kenneth
245 Broad Street
San Francisco, CA 94110

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4248 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed August 11, 2009, at San Francisco, California.

*[signature]*
BLANCA MARTIN