UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH M. GREGORY, | )<br>) |
| Plaintiff(s), | ) No. C09-1800 PJH (BZ) |
| v. | ) |
| CITY & COUNTY OF SAN FRANCISCO, | ) **THIRD DISCOVERY ORDER**<br>)<br>) |
| Defendant. | ) |

    Pro Se Plaintiff Kenneth Gregory ("Gregory") is an African American male who was employed as a Food Services worker at San Francisco General Hospital ("SFGH") from December 2006 until January 2007. Doc #1, Compl. ¶¶ 7 - 8. He filed a "pattern or practice" employment discrimination claim against the City and County of San Francisco ("defendant"). Id ¶ 14.

    The discovery dispute before the Court involves interrogatories and document requests Gregory propounded on January 23, 2010. Doc #30 at 50. Gregory sent 23 interrogatories and 12 document production requests, id at 38 - 50, and defendant responded to each interrogatory and

1

request, id at 14 - 30.  Gregory, not satisfied with defendant's responses, filed this motion to compel discovery on June 4, 2010.  Having reviewed the papers, the Court finds no need for argument.  For the reasons stated below, Gregory's motion is **GRANTED IN PART** and **DENIED IN PART**.

Gregory's moving papers state "[t]he information I would like are a list of names of all persons employed as a Food Service worker under Joey Reinares, Natalia Covacha and also Connie Yin, Food Service Director.  All employee who were terminated from 01/01/2002 - 01/07/2007."  Id at 4.  Gregory's moving papers also refer to interrogatories 9, 10, 13, 14, 17, 18, 20 and 21, but do not explain what Gregory finds objectionable about defendant's responses to these interrogatories.  Id.  Additionally, Gregory's moving papers state that defendant "mention[ed] to me that information regarding employees terminated and witnesses was sent to me October 2009.  I have not received any of this information."  Id.  Finally, Gregory's moving papers state that defendant's response to the production requests "was not good enough," but do not identify any specific problems.  Id at 5.

Pursuant to this Court's order, Doc #38, the parties met to resolve discovery issues on June 30, 2010.  Doc #49 Exh. A. During the meeting, Gregory acknowledged receiving the initial disclosures defendant sent to him in October 2009.  Recording of June 30, 2010 meet and confer. (Doc. #53).  Additionally, Gregory stated that he wished to withdraw his complaints about interrogatories 9, 10, 17, 18, 20 and 21, leaving only interrogatories 13 and 14 outstanding.  Id.

2

1  Interrogatory 13 reads as follows: "[i]dentify each person who
2  has been employed by you as a salaried/hourly employee in San
3  Francisco General Hospital during the period from December 7,
4  2002 to the date of your response."  Doc #30 at 20.
5  Interrogatory 13 also asks for each employee's name, race,
6  employment position, date of hiring, date of termination and
7  reasons for termination.  Id.  During the June 30 meet and
8  confer, however, Gregory repeatedly stated that he did not
9  need defendant to provide this information for all of SFGH's
10 employees, but only for the African Americans working in Food
11 Services who had been terminated from December 7, 2002 to
12 January 2007.  Recording of June 30, 2010 meet and confer.
13      In response to Gregory's request, defendant provided
14 Gregory with a document specifying all African Americans
15 terminated from SFGH's Food Services division from 2002 until
16 the present.  Doc #49 Exh. D at 2 - 3.  This document also
17 provides each employee's termination date, reasons for
18 termination, job title and date of hire.  Id.  Gregory,
19 however, was not satisfied with defendant's  response, and in
20 moving papers and a letter to defendant requested (1)
21 information about the hiring and termination of SFGH Food
22 Services employees of other ethnicities, and (2) information
23 regarding the termination of African American employees
24 between 2000 and 2002.  Doc #52 at 4; doc #49 Exh. C at 1; doc
25 #45 at 1.  Additionally, Gregory asked defendant to specify a
26 single termination reason for each employee, doc #52 at 2 - 3,
27 and questioned the accuracy of the information defendant
28 provided, doc #45 at 1.

3

1    Interrogatory 14 reads as follows: "Has the employment of
2 any employee (other than plaintiff) been terminated as a
3 result of a decision made by plaintiff's supervisors?  If your
4 answer is "yes," please identify each such employee, stating
5 dates of hire and termination."  Doc #30 at 45.  During the
6 June 30 meet and confer, Gregory clarified that he wanted a
7 list of the African American employees "fired under" three
8 supervisors: Joey Reinares, Natalia Covacha and Connie Yin.
9 Recording of June 30, 2010 meet and confer.  Gregory had
10 mentioned in his initial moving papers that he wanted a list
11 of all persons "employed as a Food Services worker under"
12 these three people.  Doc #30 at 4.
13    In response, at the June 30 meet and confer defendant
14 stated that it could not produce a list of employees "fired
15 under" these three supervisors because employees were not
16 permanently assigned to work under specific supervisors.
17 Recording of June 30, 2010 meet and confer.  Instead,
18 defendant explained that employees work under various
19 supervisors and that an employee's supervisors changed often.
20 Id.  Accordingly, defendant stated that it did not understand
21 what exactly Gregory wanted when he requested lists of
22 employees "fired under" or "employed under" certain
23 supervisors.  Id.  In papers filed after the June 30 meet and
24 confer, the parties only very briefly discussed interrogatory
25 14 or information relating to supervisors Joey Reinares,
26 Natalia Covacha and Connie Yin.
27    At the June 30 meet and confer, Gregory requested two
28 pieces of information:

4

  (1) The hiring date, termination date, job title and reasons for termination for all African Americans terminated by SFGH Food Services from 2002 until the present.

  (2) A list of African American employees "fired under" three supervisors: Joey Reinares, Natalia Covacha and Connie Yin.

Since Gregory has received the first piece of information from defendant, doc #49 Exh. D, to the extent that his motion requests this information it is **DENIED AS MOOT**.

  Gregory has not received any information in response to his request for the second piece of information. Moreover, defendant has not made a showing that it would be an undue burden to produce a list of which terminated African American employees were supervised, at some point, by one of the three supervisors referred to by Gregory: Joey Reinares, Natalia Covacha and Connie Yin. Therefore, to this extent, Gregory's motion is **GRANTED**. Defendant is hereby **ORDERED** by August 30, 2010 to respond to interrogatory 14 by (1) specifying which African American employees terminated during the specified period were supervised at some point by either Joey Reinares, Natalia Covacha or Connie Yim, and (2) identifying the supervisor or supervisors.

  To the extent that Gregory's motion requests any additional information, Gregory's motion is **DENIED**. Gregory made several additional requests for information after the June 30 meet and confer, including requests for: (1) information regarding non-African Americans employed by SFGH

5

Food Services, (2) information about African Americans employees terminated from 2000 to 2002 and (3) information specifying a single termination reason for African American employees terminated between 2002 and the present.  These additional requests were raised spontaneously, and substantially modified earlier requests with which defendant has complied.  These additional requests are **DENIED** because Gregory cannot expect the Court to force defendant to comply with shifting, spontaenous information demands.  To the extent Gregory wishes to reopen discovery, his request needs to be addressed to Judge Hamilton.

Finally, insofar as Gregory's motion questions the accuracy of information defendant produced in discovery, his motion is **DENIED**.  A motion to compel discovery is not the proper method for certifying the accuracy of information received in discovery.  This Order resolved Docket #30.

**IT IS SO ORDERED**.

Dated: August 13, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\GREGORY V. CITY & CTY S.F\DISC ORDER 3.wpd