UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH M. GREGORY,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

_____/

No. C 09-1800 PJH

**ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT**

Before the court is defendant's motion for summary judgment. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion, for the following reasons.

**BACKGROUND**

A.    Background Allegations

Plaintiff is a black male who was employed by defendant San Francisco General Hospital ("Hospital"), in the Department of Food & Nutrition as a food service worker, from December 7, 2006 to January 10, 2007. See Complaint, ¶¶ 8, 11. Plaintiff alleges that defendant Hospital, along with defendant City and County of San Francisco ("the City"), established and maintained a pattern and practice of employment discrimination and disparate treatment against African American individuals with respect to their equal employment opportunities. See id., ¶ 14. To that end, although plaintiff attempted to carry out all the functions of his position in a responsible and competent manner, he – unlike non-Black probationary employees – alleges that he was not given a fair opportunity to be successful and to complete his training period. Id., ¶¶ 10, 12. Plaintiff further alleges that he was terminated in violation of his statutory rights to be free of employment discrimination

based on race.  Complaint, ¶ 9.

Plaintiff filed the instant action against the Hospital and the City on April 24, 2009.[1] Although the complaint pleads two distinct "causes of action," properly read, it sets forth three claims: (1) declaratory relief; (2) violation of California's Fair Employment and Housing Act (FEHA); and (3) unlawful discrimination in violation of the Civil Rights Act of 1866.  See Complaint, ¶¶ 17-26.

B.     Procedural History

The court held its initial case management conference ("CMC") on August 20, 2009. Plaintiff appeared in pro per, and the City also made an appearance.  At that CMC, the court set a deadline of February 26, 2010 for completion of discovery, and a deadline of April 14, 2010 for hearing dispositive motions.

Following the initial CMC, the City duly attempted to pursue discovery by taking plaintiff's deposition.  The City scheduled plaintiff's deposition four times – on February 3, 9, and 17th, and on April 13, 2010.  For the February 3 deposition, plaintiff called on the day of the deposition to cancel.  For the second and third deposition attempts on February 9 and 17th, plaintiff called the day before the deposition to cancel.  For the fourth deposition on April 13, plaintiff called the week before to request that it be rescheduled.  The City refused, however, due to the then pending summary judgment deadline of April 14.  The afternoon of the deposition, plaintiff called and said that he would not appear.

While these discovery efforts were underway, plaintiff sought and received two discovery deadline extensions.  Plaintiff sought the first on February 11, 2010, after he failed to appear for his first two noticed deposition dates.  The court granted the request on February 17 (after plaintiff had already cancelled his third deposition appearance), continuing the discovery cutoff until April 26, and the dispositive motion deadline to June 30.

Plaintiff sought a second extension of the discovery deadline on April 7, 2010 and

---

[1] Defendant Hospital was officially terminated from the action on August 6, 2010.

2

the court granted this second extension on April 16 (three days after plaintiff had already refused to attend his fourth and last deposition). The court gave the parties until May 26 for a discovery cutoff deadline, and until July 30 for the filing of dispositive motions. The court also expressly ordered plaintiff "to submit to his deposition no later than April 23, 2010, or face sanctions, including possible dismissal of his case." On June 7, 2010, the City filed a notice with the court indicating that plaintiff had duly appeared for his deposition.

On June 25, 2010, the City filed the instant motion for summary judgment. On July 9, plaintiff filed a so-called opposition to the motion, which in substance constituted a request for a continuance pursuant to Federal Rule of Civil Procedure 56(f). As grounds for the continuance, plaintiff indicated that he had filed a motion to compel, and that he required the information referenced in the motion to compel in order to present his opposition. On July 16, 2010, the City filed its reply in support of the motion for summary judgment, noting plaintiff's failure to make an appropriate showing under Rule 56(f) and also noting plaintiff's failure to act diligently in seeking any discovery.

On August 6, 2010, the court issued an order denying plaintiff's Rule 56(f) request in part and granting it in part. The court denied the motion for failure to satisfy Rule 56(f) standards. However, the court granted plaintiff's request for a continuance, on grounds that plaintiff's motion to compel further discovery was pending before the Magistrate Judge. The court then instructed plaintiff to file his opposition to the summary judgment motion within two weeks of either the Magistrate Judge's denial of the motion to compel, or the production of compelled discovery in the event the motion to compel was granted. Plaintiff was also expressly instructed in the court's order that no further continuances would be granted, and that no further requests for a continuance could be filed.

On August 13, the Magistrate Judge granted in part plaintiff's motion to compel and ordered further production by defendant. On August 27, this court issued a scheduling order, instructing plaintiff to file his opposition to the summary judgment motion no later than September 15, with a reply brief to be filed by the City no later than September 22.

On September 13, plaintiff did not file an opposition brief, but instead filed yet another motion for enlargement of time, in which plaintiff sought additional time to file what he referred to as his "motion for summary judgment."

On September 15, the court issued an order construing plaintiff's motion as a request for further time in which to file his opposition brief to the pending motion for summary judgment, and then granted plaintiff's request for one last continuance, notwithstanding the court's prior edict prohibiting future continuances. The court then instructed plaintiff to file his opposition no later than October 13, 2010, with the City to file its reply no later than October 20. The court further instructed plaintiff that this continuance would be the last continuance granted, and that in the event plaintiff missed his October 13 deadline for filing his opposition, "the court will adjudicate defendant's motion on the basis of the papers already filed by plaintiff in the action."

Plaintiff duly filed an opposition to defendant's summary judgment motion on October 13. The City timely filed its reply brief. Defendant's motion is now before the court for final resolution.

**DISCUSSION**

A.  Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other

4

1  than for the moving party.  <u>Southern Calif. Gas. Co. v. City of Santa Ana</u>, 336 F.3d 885,
2  888 (9th Cir. 2003).

3      On an issue where the nonmoving party will bear the burden of proof at trial, the
4  moving party can prevail merely by pointing out to the district court that there is an absence
5  of evidence to support the nonmoving party's case.  <u>Celotex</u>, 477 U.S. at 324-25.  If the
6  moving party meets its initial burden, the opposing party must then set forth specific facts
7  showing that there is some genuine issue for trial in order to defeat the motion.  <u>See</u> Fed.
8  R. Civ. P. 56(e); <u>Anderson</u>, 477 U.S. at 250.

9  B.    Legal Analysis

10      The only issue before the court is whether summary judgment on plaintiff's two race
11  discrimination claims is warranted.  Plaintiff asserts claims under California's Fair
12  Employment and Housing Act ("FEHA"), codified at Government Code § 12940 et seq.; and
13  the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981.  Defendant moves for summary
14  judgment on grounds that neither claim has merit.

15      As a preliminary matter, the court notes that plaintiff's opposition to the City's motion
16  does not directly address the merits of the City's motion.  While plaintiff cites the correct
17  legal principles underlying his race discrimination claims on summary judgment, plaintiff
18  fails to substantively oppose defendant's motion with any citations or reference to the
19  evidentiary record in the case.  Plaintiff furthermore submits only one declaration, which
20  declaration primarily contains a short recitation of the discovery efforts undertaken by
21  plaintiff in the action, and which only briefly mentions the existence of "five former
22  employees" who "may" in the future write a declaration testifying to the harassment and
23  discrimination these employees purportedly experienced while employed at San Francisco
24  General's food services department.  <u>See generally</u> Declaration of Kenneth Gregory ISO
25  Opp. MSJ ("Gregory Decl.").  Perhaps in acknowledgment of his largely inadequate
26  response to the merits of defendant's motion, plaintiff's opposition brief requests "further
27  discovery in order to present a prima facie case of employment discrimination."  <u>See</u> Opp.
28

Br. at 3. Plaintiff asserts that he is not trained in matters of law, and that he did not seek the discovery he now believes he should have sought. Id. at 2.

The court declines to grant plaintiff a further continuance in order to re-open discovery that has now closed, in order to attempt to present a more coherent opposition brief. The court has provided plaintiff with several extensions of time throughout the course of the instant litigation, including two extensions of the discovery deadline, and two extensions of time in which to draft an opposition brief to the City's motion. These extensions have been granted notwithstanding what appears to be plaintiff's own failure to diligently prosecute the instant action in a timely fashion – by, for example, rescheduling his own deposition four different times (until the court ordered him to submit to his deposition or risk sanctions) and declining to diligently pursue adequate discovery despite being granted two separate extensions of the discovery deadline by the court. In view of the court's prior grant of plaintiff's repeated requests for more time, and plaintiff's own role in failing to prosecute the action diligently, the court does not find that an additional continuance would serve the interests of justice. Indeed, a further continuance and re-opening of discovery would only serve to prejudice the City, in view of the nearly six months during which the instant motion has been pending. Thus, and as was made clear to plaintiff in the court's September 15, 2010 order, the court will proceed to adjudicate the merits of the City's motion on the basis of the papers submitted to the court.

Turning to the merits of defendant's motion, it is well-established that analysis of an employment discrimination claim under both FEHA and § 1981 follows the same legal principles as those applicable in a Title VII discrimination case. See Metoyer v. Chassman, 504 F.3d 919, 930 (9th Cir.2007)(setting forth section 1981 discrimination requirements); Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 354 (2000)(California courts look to pertinent federal precedent when applying California states); see also Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008). Those legal principles in turn require adherence to the same test for establishing an inference of intentional discrimination as set forth in

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Yee v. Dept. of Environ. Serv., Multnomah County, 826 F.2d 877, 880-81 (9th Cir.1987).  Under the familiar McDonnell Douglas framework, a plaintiff has the initial burden of establishing a prima facie case of racial discrimination.  If the plaintiff satisfies this initial burden, the burden shifts to the defendant to prove it had a legitimate non-discriminatory reason for the adverse action.  If the defendant meets that burden, the plaintiff must then prove that such a reason was merely a pretext for intentional discrimination.  See, e.g., Lindsey v. SLT L.A., LLC, 447 F.3d 1138, 1144 (9th Cir.2006).

Here, the City targets plaintiff's allegations that the City is liable for race discrimination under either FEHA or section 1981.  Defendant argues that proof of each fails under the relevant McDonnell Douglas burden-shifting approach, thereby warranting summary judgment in defendant's favor.  Additionally, it asserts that summary judgment as to the City is warranted due to plaintiff's failure to establish an issue of fact as to Monell liability.

To establish his initial prima facie case of race discrimination, plaintiff must show that:  (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  See, e.g., Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 847 9th Cir. 2004);  McDonnell Douglas Corp., 411 U.S. 792 at 802.  Only then does the burden shift to defendants to offer their "legitimate, nondiscriminatory reason for the adverse employment action."  Lyons v. England, 307 F.3d 1092, 1112 (9th Cir.2002).

Here, the court's analysis begins – and ends – with plaintiff's prima facie case. Defendant appears, as an initial matter, to concede that plaintiff successfully meets the first and third prongs of the above McDonnell Douglas test.  The City does not dispute that plaintiff is African American, and that he was, in fact, released from his probationary

position as a food service worker.  As such, plaintiff can establish that he is a member of a protected class, and that he suffered some adverse employment action.  See, e.g., Saint Francis College v. Al-Khazraji, 481 U.S. 604, 612-13 (1987)(protected classes are those identifiable because of their ancestry or ethnic characteristics); Woodson v. Int'l Business Machines, 2006 WL 1195453, *4-5 (N.D. Cal. 2006)(defining adverse action as a substantial change in the terms and conditions of employment that can include a "reduction in an employee's potential for career advancement").

Plaintiff fails, however, to meet the second and fourth prongs of the McDonnell Douglas test.  He has failed to establish either that he was performing according to defendant's legitimate expectations, or that other employees with qualifications similar to his own were treated more favorably.  Indeed, plaintiff fails to introduce even minimal evidence – aside from his own so-called declaration – that might prove that his job performance met defendant's legitimate expectations.  Such evidence might normally consist of positive performance reviews, admissions by the employer, or even expert testimony as to an employer's legitimate expectations for the job at issue, and an analysis of the plaintiff's performance in light of those expectations.  Similarly, with respect to whether similarly situated employees not in his protected class were treated more favorably, plaintiff has provided no evidence of such, nor has he provided declarations from other employees or supervisors or even statistical evidence on this issue.  As for plaintiff's own declaration, it is wholly insufficient to give rise to an inference of discrimination as it fails to include any factual testimony relevant to any of the legal issues before the court.

The City, moreover, has come forward with evidence affirmatively indicating that plaintiff was not performing in accordance with the City's legitimate expectations.  See, e.g., Declaration of Jose Reineres ISO MSJ ("Reineres Decl."), ¶¶ 6-7, 9; id., Ex B; Declaration of Natalia Covacha ISO MSJ ("Covacha Decl."), ¶¶ 5-6; id., Exs. A-B.

In sum, plaintiff's lack of evidence fails to create a material dispute of fact with respect to a prima facie case of discrimination.

8

Indeed, even if plaintiff had been able to come forward with evidence of a prima facie case of discrimination, defendant's submitted declarations also provide evidence of legitimate and nondiscriminatory reasons for its decision to release plaintiff from his role of food service worker during his probationary period. As defendant notes, plaintiff's supervisors witnessed plaintiff failing to abide by health rules applicable to food service workers, improperly handling food carts, refusing to sign a training log, and behaving in a belligerent fashion when confronted about such failings. See Reineres Decl., ¶¶ 5-10; Covacha Decl., ¶¶ 5-6.

In sum, although minimal evidence is sufficient to establish a prima facie case, "when evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate." Lindsey v. SLT L.A., LLC, 447 F.3d at 1148 (internal quotation marks omitted). Here, plaintiff's evidentiary showing is entirely deficient, and fails on both counts – it establishes neither a prima facie case, nor pretext. Thus, summary judgment is GRANTED in defendant's favor as to this theory of liability.

The court also finds that summary judgment is warranted as to plaintiff's claims on grounds that plaintiff has failed to demonstrate that the City has a policy and practice of discrimination. The City itself can only be held liable for the actions of its employees (i.e., those in the Department of Food & Nutrition at San Francisco General), if plaintiff satisfies the principles of Monell liability. See, e.g, Monell v. Dept. of Social Serv. of New York, 436 U.S. 658, 690 (1987)(holding that liability against municipality under § 1983 can only attach when a local government's policy or custom is responsible for inflicting injury at the hands of one of its employees); United Federation of African Am. Contractor v. Oakland, 96 F.3d 1204, 1215 (9th Cir. 1996)(applying Monell analysis to suit against municipalities pursuant to § 1981). Here, plaintiff has submitted no evidence – let alone referenced any – establishing the existence of any official municipal policy. Thus, plaintiff has failed to raise any disputed facts on the issue of the City's Monell liability. Summary judgment is therefor appropriate in defendant's favor on this issue. See, e.g., Okoro v. City of Oakland,

California, 233 Fed. Appx. 639, 641 (9th Cir. 2007)(absence of the "essential elements of municipal liability under 42 U.S.C. §§1983 and 1981 is fatal to [plaintiff's] case").

In view of the foregoing findings, the court finds it unnecessary to resolve the City's additional argument with respect to plaintiff's inability to allege a contract with the City pursuant to section 1981.

C.   Conclusion

For the foregoing reasons, the court hereby GRANTS defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: December 20, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge